UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SI GROUP CONSORT LTD.,

        Plaintiff,

      -v-                                  No.  15 CV 3047-LTS

UKRAINE, IVANO-FRANKIVSK STATE
ADMINISTRATION, and DEPARTMENT
FOR CONSTRUCTION, HOUSING, URBAN
DEVELOPMENT AND ARCHITECTURE OF
THE IVANO-FRANKIVSK REGIONAL
STATE ADMINISTRATION,

        Defendants.

-------------------------------------------------------x

### Memorandum Opinion and Order

      Plaintiff SI Group Consort Ltd. ("SI Group") brought this action against

Defendants Ukraine; the Ivano-Frankivsk Regional State Administration (the "State"); and the

Department for Construction, Housing, Urban Development, and Architecture of the Ivano-

Frankivsk Regional State Administration ("DCIF" and, with Ukraine and the State,

"Defendants"), seeking to enforce a roughly $35.7 million judgment rendered by the courts of

Ukraine in favor of Plaintiff.  (Docket entry no. 1, Complaint ("Compl."), at ¶ 1.)  Both subject-

matter jurisdiction and personal jurisdiction are contested.  Defendants have moved under

Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) to dismiss the Complaint.  The

Court has reviewed the parties' submissions carefully and, for the following reasons, grants

Defendants' motion.

<u>BACKGROUND</u>

The facts recited below, which are limited to those relevant to the Court's decision, are drawn from the Complaint and are taken as true for purposes of this motion practice.

SI Group is an Israeli company that specializes in waste management.  (Compl. ¶¶ 6, 11.)  In 2013, SI Group entered into a series of waste disposal contracts with DCIF.  (Compl. ¶¶ 22-23.)  The principal contract between the parties provided that disputes would be resolved "in court under the laws of Ukraine."  (Compl. ¶ 28.)  The contract, which was submitted by Plaintiff in connection with the instant motion and is appropriately considered on this motion to dismiss because it is integral to the allegations in the Complaint, also specifies that "[a]ll disputes meant to be settled in court shall be settled at the location of the Client," namely, the Ivano-Frankivsk State in Ukraine.  (Docket entry no. 33, Ex. 46, Art. 11.11 (ECF page 81).)

A dispute arose over payments SI Group claimed were owed, and in 2014, SI Group brought suit in Ukrainian court against DCIF.  (Compl. ¶¶ 39, 41.)  DCIF largely admitted the allegations, and the Ukrainian court entered a monetary judgment in SI Group's favor.  (Compl. ¶ 43.)  The judgment was affirmed on appeal and is a final judgment for purposes of enforcement.  (Compl. ¶¶ 44, 49.)  The judgment was not paid; SI Group brought this action seeking to collect its judgment out of Defendants' assets in the United States.  (Compl. ¶¶ 50, 112.)

<u>DISCUSSION</u>

Pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604 (the

"FSIA"), foreign states are presumptively immune from the jurisdiction of the courts of the United States, unless a statutory exception to immunity applies.  "[I]f the claim does not fall within one of the exceptions, federal courts lack subject matter jurisdiction" of the claim, as well as personal jurisdiction over the foreign state defendant.  Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 489 & n.14 (1983); see also Transatlantic Shiffahrtskontor GMBH v. Shanghai Foreign Trade Corp., 204 F.3d 384 (2d Cir. 2000) (applying FSIA sovereign immunity analysis in the context of a proceeding to enforce a foreign judgment).

The parties do not dispute that Defendants are foreign sovereigns that are entitled to the presumption of sovereign immunity under the FSIA.  SI Group argues that three statutory exceptions to sovereign immunity apply in this case: waiver, 28 U.S.C. § 1605(a)(1); commercial activity, id. at § 1605(a)(2); and expropriation, id. at § 1605(a)(3).  As explained below, the Court concludes that none of these exceptions applies.  The Court, accordingly, lacks both subject-matter jurisdiction of Plaintiff's claims and personal jurisdiction over the Defendants.

Waiver

The FSIA provides that a foreign state is not immune from suit if "the foreign state has waived its immunity either explicitly or by implication."  28 U.S.C.S. § 1605(a)(1) (LexisNexis 2014).  Plaintiffs do not argue that Defendants have made an explicit waiver of immunity here, but instead assert that Defendants have waived their sovereign immunity implicitly in two ways: first, by consenting broadly to resolve disputes "in court"; and second, by consenting to arbitration before the International Centre for Settlement of Investment Disputes ("ICSID").

The Second Circuit has concluded, in light of both the text and legislative history of Section 1605(a)(1), that "Congress primarily expected courts to hold a foreign state to an implied waiver of sovereign immunity by the state's actions in relation to the conduct of litigation." Smith v. Socialist People's Libyan Arab Jamahiriya, 101 F.3d 239, 244 (2d Cir. 1996). Such a "waiver would not be found absent a conscious decision to take part in the litigation and a failure to raise sovereign immunity despite the opportunity to do so." Drexel Burnham Lambert Grp. Inc. v. Cmte. of Receivers for Galadari, 12 F.3d 317, 327 (2d Cir. 1993). Defendants have taken no action in connection with this litigation, either here or in Ukrainian courts, that can be deemed failure to raise the defense of sovereign immunity to suit in United States courts. See Shapiro v. Republic of Bolivia, 930 F.2d 1013, 1017 (2d Cir. 1991) (holding that "the implied waiver provision of Section 1605(a)(1) must be construed narrowly," and that any waiver must therefore be "unmistakable" and "unambiguous").

Defendants' consent to resolve suits "in court under the laws of Ukraine" does not evidence an implied intent by Defendants to waive their sovereign immunity from suit in United States courts. While Plaintiffs correctly note that the contractual language refers generically to resolution of disputes "in court" without a modification limiting what 'courts' could resolve those disputes, and a waiver of sovereign immunity need not contain an explicit reference to the United States to be effective under Section 1605(a)(1), there still must be evidence of "an intent to waive sovereign immunity in United States courts." Capital Ventures Int'l v. Argentina, 552 F.3d 289, 295 (2d Cir. 2009) (emphasis added). There is no such evidence here. The cited contractual language, which neither references the United States nor broadly waives immunity to suit in "any" or "all" courts (as was the case in Capital Ventures), contains no language from which the Court could infer an unambiguous intent to waive sovereign immunity in the United

States.  Rather, the contract contains an explicit limitation that appears to exclude the United

States court system, in that it specifically requires that "[a]ll disputes meant to be settled in court

shall be settled at the location of the Client" – i.e., in the Ukraine.  (Docket entry no. 33, Ex. 46,

Art. 11.11 (ECF page 81) (emphasis supplied).)

>    Nor does the fact that Defendants participated in the litigation of the underlying

dispute in Ukrainian courts evidence an intent to waive sovereign immunity in United States

courts.  Plaintiffs rely on First City, Texas Houston, N.A. v. Rafidian Bank, 281 F.3d 48 (2d Cir.

2002), for the proposition that a waiver of sovereign immunity during principal litigation carries

over into litigation to enforce a monetary judgment.  Id. at 54.  In Rafidian Bank, however, the

Second Circuit was concerned with the effect of a prior waiver for purposes of litigation in

United States courts, not litigation in the courts of a foreign country.  Id. ("We think that where

subject matter jurisdiction under the FSIA exists to decide a case, jurisdiction continues long

enough to allow proceedings in aid of any money judgment that is rendered in the case.").

Defendants' consent to the jurisdiction of Ukrainian courts for litigation does not amount to an

implied waiver of sovereign immunity in United States courts in respect of this collection action.

See Shapiro, 930 F.2d at 1017 (requiring "unambiguous" waiver).  This is especially true where,

as here, the contract provisions appear to provide plainly for the exclusive jurisdiction of

Ukrainian courts.

>    SI Group's reliance on a bilateral investment treaty ("BIT") between Ukraine and

Israel, which provides in part for resolution of disputes before ICSID, is equally unavailing as

evidence of waiver.  The Second Circuit has held that sovereign immunity is waived in cases

involving enforcement of ICSID awards.  Blue Ridge Investments L.L.C. v. Republic of

Argentina, 735 F.3d 72, 84 (2d Cir. 2013).  No such award is at issue in this case.  Blue Ridge

cannot be read to support the proposition that the waiver of sovereign immunity that may be implied by a defendant's consent to enforcement of ICSID awards is a waiver of sovereign immunity in cases against that same defendant that do not involve ICSID awards.  See id. (holding that the waiver exception "must be construed narrowly").

Accordingly, the Section 1605(a)(1) waiver exception to sovereign immunity does not apply in this case.

Commercial Activity

The FSIA also provides that a foreign state is not immune from suit if the claims at issue are based upon "an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States."  28 U.S.C.S. § 1605(a)(2) (LexisNexis 2014).  This is one of three 'commercial activity' exceptions to sovereign immunity codified in Section 1605(a)(2).

Plaintiff has not alleged facts demonstrating that the acts that form the basis of Plaintiff's claim caused a direct effect in the United States.  The dispute involves a contract between an Israeli company and a Ukrainian state entity to perform work in the Ukraine, and a judgment rendered by the Ukrainian courts.  The Second Circuit has held that "an action to enforce . . . foreign judgments in U.S. courts must fail for lack of subject matter jurisdiction" where "the acts upon which the . . . judgments are themselves grounded do not meet the 'based upon' requirement of Section 1605(a)(2) of the FSIA."  Transatlantic Shiffahrtskontor GmbH, 204 F.3d at 391.  SI Group identifies no effect in the United States other than the non-payment of the foreign judgment in question, and the "particular conduct" that forms the "gravamen" of this suit – non-payment by the Ukrainian government of money owed under a contract with an Israeli

company for waste disposal in Ukraine – has no connection with the United States, and therefore cannot satisfy the requirements of Section 1605(a)(2).  See OBB Personenverkehr AG v. Sachs, 136 S.Ct. 390, 395-96 (2015).

SI Group's fallback argument – invoking the commercial activity exception for actions "based upon a commercial activity carried on in the United States by the foreign state" – is equally unavailing.  SI Group characterizes Ukraine's financial holdings as available for application to commercial activities worldwide, including in the United States.  (Docket entry no. 34, Memorandum of Law in Opposition, at p. 25.)  Such availability does not, however, demonstrate any factual basis for a conclusion that this action to enforce a judgment rendered in Ukraine is "based upon" Ukrainian commercial activity in the United States.

SI Group has, alternatively, requested permission to conduct limited discovery in the hope of uncovering a direct effect or commercial activity in the United States.  (Id. at p. 25.) Jurisdictional discovery is only permitted in the context of an invocation of sovereign immunity "to verify allegations of specific facts crucial to an immunity determination," not to uncover those facts in the first instance.  Rafidian Bank, 150 F.3d at 176.  Plaintiff has made no showing that it seeks to "substantiate" specific claims that would demonstrate an exception to Defendants' sovereign immunity.  Id.  To the contrary, Plaintiff clearly states that such discovery would be necessary before Plaintiff could make any "further allegations" as to Defendants' conduct (see docket entry no. 34, Memorandum of Law in Opposition, at p. 11 & 25).  Plaintiff's request for jurisdictional discovery is therefore denied.


Expropriation

Finally, the FSIA provides an exception to foreign sovereign immunity for a case

"in which rights in property taken in violation of international law are in issue and . . . that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States."  28 U.S.C.S. § 1605(a)(3) (LexisNexis 2014).  This is colloquially known as the 'expropriation' exception to sovereign immunity.

SI Group argues that its right to payment of the foreign judgment is an intangible right that was taken by Defendants in violation of international law.  Even assuming, arguendo, that the intangible right to payment is "property" within the meaning of the expropriation exception in the FSIA, SI Group has made no showing that its right to payment was 'taken' by Defendants.  In the context of this provision of the FSIA, the Second Circuit has held that 'taken' means "acts of a sovereign . . . that deprive a plaintiff of property without adequate compensation."  Zappia Middle East Const. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 251 (2d Cir. 2000).  SI Group cannot demonstrate that its right to payment of the Ukrainian judgment has been 'taken' by the Ukraine because the premise of SI Group's Complaint in this matter is that it continues to hold that right.  Mere failure to pay is not a "taking" – if it were, the Section 1605(a)(3) exception would apply in every case seeking enforcement of a judgment, because the logical predicate to such cases is that the judgment in question is unpaid.  This is a plainly untenable result.

The arbitral awards SI Group cites in an attempt to establish its theory that non-payment of a judgment can constitute expropriation are inapposite, as they involve cases in which the foreign sovereign nullified or otherwise prevented collection of a valid judgment, effectively confiscating the right to payment.  See, e.g., Saipem S.p.A. v. People's Republic of Bangladesh, ICSID Case No. ARB/05/7, Decision on Jurisdiction and Recommendation on

Provisional Measures, ¶¶ 130-131 (Mar. 21, 2007).  SI Group alleges no such conduct here.

Accordingly, because SI Group has failed to plead facts evidencing a taking of its property in violation of international law within the meaning of the FSIA, the Section 1605(a)(3) exception does not apply.

<u>CONCLUSION</u>

For the foregoing reasons, no statutory exception to Defendants' sovereign immunity is applicable, and the Court accordingly lacks subject matter and personal jurisdiction in this case.  Defendants' motions to dismiss the Complaint is therefore granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2).

This Memorandum Opinion and Order resolves docket entry no. 28.  The Clerk of Court is respectfully requested to enter judgment dismissing the Complaint for lack of jurisdiction, and close this case.

SO ORDERED.

Dated: New York, New York
       January 30, 2017

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge